UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWNTHA J.,<br><br>                                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, as Commissioner of Social Security,<br><br>                                    Defendant. | Case No.:  24-cv-00301-JLB<br><br>**ORDER GRANTING MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF NO. 18]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant To 28 U.S.C. § 1920 ("Joint Motion").  (ECF No. 18.)  For the following reasons, the Joint Motion is **GRANTED IN PART**.

**I. BACKGROUND**

On February 15, 2024, Plaintiff Deshawntha J. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner

of Social Security (the "Commissioner"), denying her application for benefits under the Social Security Act, Title XVI.  (ECF No. 1.)  The Commissioner filed the administrative record on April 16, 2024.  (ECF No. 12.)

The parties filed a Joint Motion for Voluntary Remand to the agency pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment on May 15, 2024.  (ECF No. 14.)  The Court granted the joint motion, remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and directed the Clerk of Court to enter a final judgment in favor of Plaintiff.  (ECF Nos. 16–17.)

On July 1, 2024, the parties filed this Joint Motion requesting the Court award Plaintiff attorney fees and expenses in the amount of $ 2,150.00[1] under 28 U.S.C. § 2412, and no costs under 28 U.S.C. § 1920.  (ECF No. 18 at 1.)  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action.  (*Id.*)

## II. THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).  Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity.  Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s 60-day appeal period has expired.  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

---

[1]     In Plaintiff's itemization of fees, the total amount of the fees was calculated to be $2,319.13.  (ECF No. 18-2.)  However, the parties negotiated a lesser amount. In the Joint Motion, the total fee requested for attorney fees is $2,150.00.  (ECF No. 18 at 1.)

Even where the appeals period has not yet run, an application for EAJA attorney fees is timely, as long as ". . .(1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection'." *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)); *see also Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended.") (emphasis added).  The *Auke Bay* court further clarifies that an application for EAJA fees that is filed before judgment is final is nonetheless timely where "a court order substantially grants the applicant's remedy before final judgment is entered." *Auke Bay*, 779 F.2d at 1393; *see, e.g.*, *Sergio C. v. Kijakazi*, No. 20-CV-02270-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude a plaintiff's EAJA fee application in a Social Security case was not premature where the court had remanded for payment of benefits, despite the application being filed before the 60-day appeal period had run).

The Court ordered judgment and remanded Plaintiff's claim to the Social Security Administration ("SSA") on May 17, 2024.  (ECF No. 16).  Judgment was entered on May 20, 2024.  (ECF No. 17.)  The parties filed the Joint Motion on July 1, 2024, 42 days after judgment was entered, before Rule 4(a)'s 60-day appeal timeline had expired.  (ECF No. 18.)  Judgment was entered pursuant to a Joint Motion for Remand filed by both parties. That judgment provided substantial relief prayed for in Defendant's Complaint—remand to the SSA and Judgment for Plaintiff.  (ECF Nos. 14, 1.)  Thus, the Court substantially granted Plaintiff's remedy before the judgment became final. The Court therefore finds the Joint Motion timely.

## III.   DISCUSSION

A litigant is entitled to attorney's fees under the EAJA if: "[A] [s]he is the prevailing party; [B] the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and [C] the requested fees and costs are

reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).   The Court will address these elements in turn.

## A.   Prevailing party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297–98, 301–02).   Here, Plaintiff is the prevailing party because the Court granted the joint motion for voluntary remand, entered judgment in her favor, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings.   (*See* ECF Nos. 16–17.)

## B. Substantial Justification

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A).   *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).   Here, the Commissioner makes no argument that his position was substantially justified.   Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings, and the instant fee request comes to the Court by way of a joint motion.   *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018).   In *Ulugalu*, the Court found that the Commissioner did not demonstrate substantial justification for her position due to the very fact that she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability—as did the Commissioner in this action.   *Id.*

The parties stipulate in their Joint Motion that "[t]his stipulation constitutes a compromise settlement of [Plaintiff's] request for EAJA attorney fees, expenses, and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise."   (ECF No. 18 at 2.)   This, however, does not change the nature or

circumstances of the instant request. Despite the disclaimer, "the compromise nature of the request is sufficient to find the second element met, given that 'Defendant has stipulated to the attorney[ ] fees and does not argue that the prevailing party's position was substantially unjustified.'" *Dana F. v. Kijakazi*, No. 20-cv-01548-AHG, 2022 WL 542881 at *2 (S.D. Cal., Feb. 23, 2022) (quoting *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346 at *2 (S.D. Cal. Jun. 21, 2018)). For these reasons, the Court finds that Plaintiff meets the second requirement.

## C.    Reasonableness of Hours

The parties attach Plaintiff counsel's itemized list of hours and rates for this matter to the Joint Motion. (ECF No. 18-2.) This list includes the hours billed and hourly rates for attorney, paralegal, and clerical work for this matter.[2] "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court will discuss each in turn.

Beginning with the attorney hours billed on this matter, Plaintiff counsel lists a total of 8.2 hours of attorney work, at a rate of $244.62 per hour. (ECF No. 18-2.) "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Accordingly, the Court finds the 8.2 total hours billed by Plaintiff's counsel to be reasonable, especially in light of Plaintiff's results in the case.

Plaintiff asserts 0.8 hours of paralegal work on this matter. (ECF No. 18-2.) This includes 0.2 hours for "receipt and review of scheduling order," 0.3 hours for "status letter to client," and 0.3 hours for "letter to AC re effectuation of judgment." (ECF No. 18-2.

---

[2] Plaintiff Counsel categorized certain work performed by Enedina Perez as clerical (billed at $89.50 an hour) and certain of it as paralegal work (billed at $179 per hour). The Court will discuss these different charges by work type, rather than by employee.

Under the EAJA, attorney's fees should not be awarded for work on merely clerical tasks, including when completed by paralegals. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate."); s*ee Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) (". . . time spent by a paralegal on clerical matters is not recoverable, as this is to be subsumed in law firm overhead rather than billed at paralegal rates.") (citing *Nadarajah*, 569 F.3d at 906). Purely clerical tasks include "filing, transcript, and document organization." *Nadarajah*, 569 F.3d at 921; *see also Rosemary G. V.*, 2020 WL 6703123, at *4 ("Receipt of a court order or case filing is also clerical in nature." (internal citations omitted)). Such tasks also include drafting and preparing documents related to service of process. *Stella M. v. Kijakazi*, 22-cv-00109-AHG, 2023 WL 8238984 at *3 (S.D. Cal., Apr. 27, 2023) (quoting *Henderson v. Comm'r of Soc. Sec.*, 1:20-cv-0562-JLT, 2021 WL 2457540 at *3 (E.D. Cal. Jun. 16, 2021).

Here, the Court finds that, with one exception, the tasks listed above are sufficiently substantive as to not be purely clerical. Both informing a client of the cases' status and informing an individual of an effectuation and judgment are of the type of work that rise above the clerical and require some amount of legal skill or knowledge. *See Missouri*, 491 U.S. at 288 n.10. Therefore, the Court considers those tasks non-clerical. Review of a scheduling order, however, presents a more borderline issue. The scheduling order in this case contains only a series dates related to mandatory settlement discussions and merits briefing. (ECF No. 13.) Given the absence of substantive legal material within, the Court considers review of the order to be the type of "other work which can often be accomplished. . ." by nonlegal staff. *See Missouri*, 491 U.S. at 288 n.10. Therefore, the Court reduces the requested for paralegal activities by the 0.2 hours assigned to that activity.

Plaintiff counsel include a final category of tasks billed at the clerical rate as follows: 0.4 hours for "filing of complaint"; 0.1 hours for "receipt and review of order granting

IFP"; 0.1 hours for "receipt of notice of appearance"; 0.9 hours for "receipt and assemble CAR"; and 0.1 hours for "receipt of order and judgment." (ECF No. 18-2.) These tasks appear to be entirely clerical in nature. *Nadarajah*, 569 F.3d at 921; *see also Rosemary G. V.*, 2020 WL 6703123, at *4; *Stella M.*, 2023 WL 8238984 at *3 (S.D. Cal., Apr. 27, 2023) (quoting *Henderson*, 2021 WL 2457540 at *3. Likewise, the latter three tasks are attributed to an employee who appears solely under the "clerical" billing rate on the itemized list. (ECF No. 18-2.) Therefore, the Court shall deduct the totality of those hours (1.6 hours) as non-recoverable clerical work.

This category also includes 0.3 hours for "preparation of certificate of interested parties, civil coversheet[,] and IFP." (*Id.*) Although less obviously strictly clerical on its face, the Court finds this activity analogous to drafting and preparing documents for service, which "'courts in the Ninth Circuit have determined . . . are clerical tasks and reduced the number of hours awarded as fees accordingly.'" *Stella M.*, 2023 WL 8238984 at *3 (S.D. Cal., Apr. 27, 2023) (quoting *Henderson*, 2021 WL 2457540 at *3. Thus, the Court finds this activity to be of a nonrecoverable type and reduces recoverable hours by the 0.3 hours dedicated to it.

**D.    Reasonableness of Hourly Rate**

The EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Nadarajah*, 569 F.3d at 911. The statutory maximum EAJA rate for work performed in 2023 in the Ninth Circuit, factoring in increases in the cost of living, was $244.62. *See* United Sates Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 3, 2024). When no new rate has been posted for the time period in which work was performed, the courts are to apply the rate for the previous period. *Id.* As no

new rate has been posted for 2024, the Court will rely on the 2023 rate. Here, Counsel's attorney hourly rate matches exactly the Ninth Circuit's EAJA hourly rate. (ECF No. 18-2.) Accordingly, the Court finds that the hourly rate billed by counsel is reasonable. *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

The Court finds, however, that Plaintiff's paralegal rates are not reasonable. Plaintiff assigns an hourly rate of $179.00 for paralegal work. (ECF No. 18-2.) District Courts in the Southern District of California have found an hourly rate of $143.00 reasonable for paralegals and have reduced paralegal rates that are even slightly above that. *See Jacqueline Q. v. Kijakazi*, No. 3:21-cv-00405-AHG, 2022 WL 17884451 at *3 (S.D. Cal. Dec. 23, 2022) (reducing the requested paralegal rate of $150.00 per hour to $143.00 per hour); *Roland*, 2021 WL 4081567, at *3; *Victoria C. v. Kijakazi*, 3:23-cv-01030-JLB, 2023 WL 5737788 at *3 (S.D. Cal. Sept. 5, 2023). The Joint Motion provides no support or argument for the Court's deviation from this rate. Therefore, the Court will not deviate from the accepted local rate and accordingly reduces the paralegal rate to $143.00 per hour.

## F.  Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to [Plaintiff's counsel], pursuant to the assignment executed by [Plaintiff]." (ECF No. 18 at 2.) "[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4. Here, Plaintiff assigned her EAJA fees to her attorney through the Law Offices of Lawrence D. Rohlfing, Inc., CPC. (ECF No. 18-1; ECF No. 18 at 4.) Therefore, if Plaintiff has no federal debt

that is subject to offset, the award of fees and costs may be paid directly to attorney Law Offices of Lawrence D. Rohlfing, Inc., CPC pursuant to the assignment agreement and the parties' joint motion.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the parties' Joint Motion. Considering the Court's reductions as described above, the Court **AWARDS** Plaintiff fees in the amount of $2,091.68 which is calculated as follows: 8.2 hours of attorney work at a rate of $244.62 per hour, for a product of $2,005.88; and 0.6 hours of paralegal work at a rate of $143.00 per hour, for a product of $85.80.  This amounts to a **total** of $2,091.68.

**IT IS SO ORDERED.**

Dated:  July 8, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge

24-cv-00301-JLB